# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

CRIMINAL NO. 08-21-DLB

UNITED STATES OF AMERICA                                         PLAINTIFF

VS.

ANDREA SANDLIN                                                   DEFENDANT

## REPORT AND RECOMMENDATION

On November 3, 2010 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, ANDREA SANDLIN show cause why her supervised release should not be revoked. The defendant was present in Court and represented by Deanna Dennison and the United States was present through Assistant United States Attorney Bob McBride. The proceedings were recorded by official court reporter Joan Averdick and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of her supervised release as set out in the October 29, 2010 violation report of U.S.P.O. John D'Alessandro.

After pleading guilty to Use of a Telephone to Further Drug Trafficking in violation of 21 U.S.C. §841(a)(1) and 843(b), Sandlin was sentenced on September 18, 2008 to five years probation. On the same date she began her term of probation but on May 26, 2010 the Court modified her conditions after Sandlin submitted a positive drug screen. That drug screen tested positive for amphetamines and Sandlin admitted taking an unknown type of medication from her mother. Her conditions were then modified to include forty hours of community service within four months of

1

the modification.

On August 12, 2010 the Court revoked defendant's probation after she violated the terms by committing a new state offense and using prescription medication not prescribed to her. Sandlin was sentenced to time served with one year of supervised release; she was also ordered to remain in the custody of the U.S. Marshal until a bed date was available for inpatient drug treatment. She remained in the custody of the marshal from July 16, 2010 until August 2, 2010 at which time she was released to the Schwartz Center for inpatient drug treatment. Her one year term of supervised release began on August 12, 2010 and she now stands charged with the following violations:

> **VIOLATION #1: (Standard Condition #7):** **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**

On October 28, 2010 Sandlin reported to the probation office and indicated that on October 23, 2010 she used a controlled substance not prescribed to her, and signed a statement admitting that on October 24, 2010 she was given a drug test by staff at the Welcome House in Covington, Kentucky. That test was positive for benzodiazepines and opiates as a result of her taking medication not prescribed to her. She indicated that on October 23 or 24, 2010 she "met a guy named Darrell" and went to his residence where he offered her Percocet 5mg. She also stated that she was unaware of the type of medication, that it didn't look like Percocet, but she took it anyway.

The most serious violation asserted against Sandlin is a Grade B violation, which, with a Criminal History category of III, results in an imprisonment range of 8-12 months. The offender's guideline range (8-14) is capped at 12 months due to statutory considerations. The United States has recommended 12 months incarceration but the defendant requests yet another opportunity at rehabilitation. The Court is not without sympathy for Sandlin's request especially in light of her

three children and quite serious drug addiction. To eliminate punishment for her repetitive offending conduct, especially in light of the extraordinary assistance efforts taken by her probation officer, would send the wrong message to this defendant. Accordingly;

**IT IS RECOMMENDED:**

1. That the defendant be found to have violated the terms of her supervised release as set out above and that it be REVOKED;

2. That the defendant, ANDREA SANDLIN, be sentenced to the custody of the Attorney General for a period of **twelve (12) months** with no supervised release to follow;

3. That the defendant participate in substance abuse treatment/counseling while incarcerated.

Particularized objections to this Report and Recommendation must be filed within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Crim. P. 59(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). A party may file a response to another party's objections within fourteen (14) days after being served with a copy of those objections. *See also* Fed. R. Civ. P. 72(b)(Advisory Committee note indicating that Fed. R. Crim P. 59 is silent on responses to objections, but that the criminal rule is "derived in part from" the civil rule).

This 4th day of November, 2010.



Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge